UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANTA W.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 2:19-CV-1714-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes that the Administrative Law Judge ("ALJ") did not err in evaluating Plaintiff's testimony, the opinion evidence, or Plaintiff's

residual functional capacity ("RFC"). Accordingly, the ALJ's finding of non-disability is supported by substantial evidence, and the Commissioner's decision is affirmed.

FACTUAL AND PROCEDURAL HISTORY

On June 7, 2016 and June 9, 2016, Plaintiff filed applications for DIB and SSI respectively, alleging in both applications a disability onset date of January 1, 2012. *See* Dkt. 8, Administrative Record ("AR") AR 21, 202-08, 209-10. Her applications were denied upon initial administrative review and on reconsideration. AR 21, 93-101, 104-06, 107-09. A hearing was held before ALJ Raymond L. Souza on August 24, 2018. AR 35-50. In a decision dated December 4, 2018, ALJ Souza determined Plaintiff to be not disabled. AR 18-30. On August 19, 2019, the Social Security Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1-6; *see* 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to provide clear and convincing reasons for discounting Plaintiff's testimony; (2) failing to properly assess opinion evidence from Sharon Grayson, M.D.; (3) failing to properly evaluate opinion evidence from Elisa Apostle, ARNP; and (4) not accounting for the functional impact of Plaintiff's impairments when assessing her RFC. Dkt. 10, pp. 2-18.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ properly evaluated Plaintiff's testimony.**

Plaintiff contends that the ALJ erred in evaluating her symptom testimony. Dkt. 10, pp. 15-18. Plaintiff alleges that she suffers from nausea, vomiting, dehydration, and difficulty keeping food down due to gastroparesis. AR 40-44, 219.

In weighing a claimant's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

In discounting Plaintiff's testimony, the ALJ reasoned that: (1) Plaintiff was non-compliant with her treatment regimen and disregarded physician recommendations; (2) Plaintiff's symptoms improved when she was compliant with treatment; (3) Plaintiff's allegations concerning her symptoms are inconsistent with her self-reported activities of daily living; and (4) Plaintiff's allegations of disabling symptoms were inconsistent with the record. AR 24-27.

With respect to the ALJ's first reason, Social Security Ruling ("SSR") 16-3p provides that if an individual fails to follow prescribed treatment that might improve symptoms, an ALJ may find that the alleged intensity of an individual's symptoms is inconsistent with the record. SSR 16-3p; *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[A]n unexplained, or

inadequately explained, failure to . . . follow a prescribed course of treatment . . . can cast doubt on the sincerity of the claimant's pain testimony.").

Here, the ALJ cited treatment notes from 2015 in which Plaintiff's physician stated that Plaintiff was "inconsistent, at best" in following up with recommendations concerning her gastroparesis treatment. AR 26, 339, 440. Plaintiff's physician noted that she had not complied with recommendations to stop using tobacco, opiates, and marijuana due to the negative effect these substances have on her condition. AR 339, 440, 604.

Plaintiff's physicians further noted that Plaintiff came to the emergency room seeking intravenous Dilaudid "on a frequent basis", refused more appropriate forms of pain and medical management, would often demand opiates before starting an examination, and continued to smoke marijuana every day, despite warnings to the contrary. AR 339, 419, 440, 467. Plaintiff's physician also noted that it was unclear if she was fully compliant with her treatment regimens for diabetes or gastroparesis. AR 339, 440, 467.

The ALJ also found that Plaintiff declined an endocrinology referral, missed several endocrinology appointments, did not follow up with nutritionist and gastroenterology referrals, refused to undergo diagnostic imaging of her abdomen or urinalysis unless she received narcotic pain medication, and did not always take prescribed medications such as omeprazole. AR 25-27, 467, 585, 604, 756, 1674-75, 1697-99.

The remaining record is consistent with the ALJ's conclusions, and indicates that Plaintiff continued to use marijuana every day, which according to her physician, may have resulted in cannabinoid hyperemesis syndrome, a condition that can cause the type of cyclic episodes of nausea and vomiting Plaintiff repeatedly complained of during the period at issue. AR 358, 419, 423; *see also* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3576702.

1    Plaintiff's decision to ignore her physician's advice concerning tobacco, opiate, and
2 marijuana use (which may have exacerbated, or even caused, her symptoms), and her selective
3 compliance with her treatment regimen permitted the ALJ to infer that Plaintiff's symptoms were
4 not as "all-disabling" as she reported. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir.
5 2008); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (noting that a failure to pursue
6 consistent treatment for an impairment can serve as "powerful evidence" that a claimant's
7 impairments are not as severe as alleged).
8    Although the ALJ provided additional clear and convincing reasons for discounting
9 plaintiff's testimony, the Court need not assess whether these reasons were proper, as any error
10 would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir.
11 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))
12    Accordingly, the ALJ has provided a clear and convincing reason for discounting
13 Plaintiff's testimony.
14    **II.    Whether the ALJ properly considered the medical opinion evidence.**
15    Plaintiff maintains that the ALJ failed to properly consider two opinions from Plaintiff's
16 primary care provider, Dr. Grayson. Dkt. 10, pp. 2-9.
17    In assessing an acceptable medical source, an ALJ must provide "clear and convincing"
18 reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*
19 *v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.
20 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining
21 physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons
22 that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*
23 *v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.
24

1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Grayson offered two opinions concerning Plaintiff's functional limitations. On February 21, 2013, Dr. Grayson stated that Plaintiff had been very ill recently, was trying to get her chronic illnesses under control, and could not return to work "at this time." AR 1611. On July 16, 2016, Dr. Grayson opined that Plaintiff was unable to work due to chronic nausea and vomiting stemming from severe diabetic gastroparesis. AR 1610.

The ALJ assigned "little weight" to Dr. Grayson's opinion that Plaintiff would be unable to work, reasoning that: (1) Dr. Grayson cited no objective evidence to support her opinion; and (2) Plaintiff's condition improved significantly when she was compliant with her treatment regimen. AR 28.

With respect to the ALJ's first reason, a finding that a physician has not cited objective evidence to support his or her opinion can serve as a specific and legitimate reason for discounting that opinion. *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) (The better an explanation a source provides for a medical opinion, the more weight the Social Security Administration will give that opinion).

Here, both of Dr. Grayson's opinions are brief, conclusory statements that state Plaintiff is unable to work due to her impairments, but do not offer an opinion concerning Plaintiff's precise functional limitations or indicate how this conclusion is consistent with Plaintiff's treatment history or other objective evidence.

1       Plaintiff contends that when a treating physician's opinion is supported by treatment
2 notes it cannot be rejected as conclusory and inadequately supported by the clinical findings
3 merely because the physician's opinion was brief. Dkt. 10, p. 4, citing *Esparza v. Colvin*, 631 F.
4 Appx. 460, 462 (9th Cir. 2015) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 (9th Cir.
5 2014).
6       In *Esparza* and *Garrison*, the Ninth Circuit held that an ALJ may not reject medical
7 opinions because they were reflected in "mere check-box forms" when the limitations contained
8 in those forms "were entirely consistent with the hundreds of pages of treatment notes" generated
9 by the claimant's physician during the treating relationship. *Id.*
10      First, the opinions provided by Dr. Grayson are not contained in check-box forms, which
11 would give some indication as to the nature and extent of Plaintiff's limitations and might
12 provide some insight into Dr. Grayson's conclusions, but are merely two brief statements that
13 Plaintiff is unable to work due to her impairments.
14      Second, while Dr. Grayson's treatment notes indicate that Plaintiff continued to complain
15 of nausea and vomiting during the period at issue, they do not reflect a degree of limitation so
16 obviously consistent with a finding of disability that they would support Dr. Grayson's
17 conclusion that Plaintiff is unable to work without further explanation. *See* AR 1643-77.
18 Accordingly, the ALJ's finding that Dr. Grayson erred by failing to cite any objective evidence
19 consistent with her opinion is supported by substantial evidence, and the ALJ has provided a
20 specific and legitimate reason for discounting her opinions.
21      Although the ALJ provided additional specific and legitimate reasons for discounting Dr.
22 Grayson's opinions, the Court need not assess whether these reasons were proper, as any error
23 would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. at 944-45.
24

**III.     Whether the ALJ properly evaluated a nurse practitioner's opinion.**

Plaintiff contends that the ALJ erred in evaluating two opinions from Elisa Apostle, ARNP. Dkt. 10, pp. 9-13.

When evaluating opinions from non-acceptable medical sources such as a nurse practitioner, an ALJ may expressly disregard such lay testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. §§ 404.1502, 416.902.

On March 27, 2017, Ms. Apostle opined that due to severe nausea, vomiting, fatigue, and dizziness, Plaintiff could perform lifting and carrying consistent with a sedentary job, but would be unable to participate in work. AR 1727-29. On February 27, 2018, Ms. Apostle issued an identical opinion. AR 1713-15.

The ALJ assigned "little weight" to Ms. Apostle's opinions, reasoning that: (1) Plaintiff was non-compliant with her treatment regimen; and (2) Ms. Apostle's opinion that Plaintiff is unable to participate in any work is inconsistent with essentially normal physical examinations conducted during the period at issue. AR 28.

For the reasons discussed above, the ALJ's conclusion that Plaintiff was non-compliant with treatment recommendations is supported by substantial evidence. *See supra* Section I. Accordingly, the ALJ has provided a germane reason for discounting Ms. Apostle's opinion.

**IV.     Whether the ALJ properly assessed the RFC.**

Plaintiff maintains that the ALJ erred by not including in the RFC limitations consistent with her testimony and the opinions of Dr. Grayson and Ms. Apostle. Dkt. 10, pp. 13-15.

As discussed above, the ALJ has provided valid reasons for discounting Plaintiff's testimony and the opinion evidence. *See supra* Sections I, II, and III; *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008) (noting that a claimant does not raise a new argument concerning an ALJ's RFC hypothetical by simply restating an argument that the ALJ's RFC finding did not account for all her limitations because the ALJ improperly discounted evidence).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 8th day of July, 2020.

David W. Christel
United States Magistrate Judge